**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 09-20034-01-KHV |
| v. | ) | |
| | ) | |
| TAURINO CERECERES-MORALES, | ) | CIVIL ACTION |
| | ) | No. 11-2591-KHV |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #226) filed October 24, 2011. For reasons set forth below, the Court overrules defendant's motion.

## Factual Background

On March 18, 2009, a grand jury charged defendant and others with conspiracy to possess with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. § 846 and possession with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii). <u>See</u> <u>Indictment</u> (Doc. #25). On November 16, 2009, pursuant to a plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P., defendant pled guilty. <u>See</u> <u>Petition To Enter Plea Of Guilty And Order Entering Plea</u> (Doc. #93). The agreement proposed a sentence of 60 months in prison and four years of supervised release. <u>Plea Agreement Pursuant To Fed. R. Crim. P. 11(c)(1)(C)</u> ¶ 3, attached to <u>Petition To Enter Plea Of Guilty And Order Entering Plea</u> (Doc. #93). On May 19, 2010, consistent with the recommended sentence in the plea agreement, the Court

sentenced defendant to 60 months in prison and four years of supervised release.[1]

Defendant argues that counsel was ineffective because at sentencing, (1) he did not argue and convince the Court that defendant's proffer was "complete and truthful" for purposes of the safety valve and failed to ask the government to file a motion regarding the safety valve, (2) he did not argue that defendant qualified for a downward departure based on age, poor health and disparity between the guideline range and his actual sentence and (3) he did not give defendant "just proceedings" and a "positive outcome" in light of his cooperation with the government.[2]

**Analysis**

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

To establish ineffective assistance of counsel, defendant must show that (1) the performance

---

[1] Mark A. Thomason initially represented defendant during pretrial proceedings including the change of plea hearing. On March 23, 2010, the Court permitted Mr. Thomason to withdraw and appointed Alex S. McCauley who represented defendant at sentencing.

[2] The government seeks to enforce the waiver of collateral attacks in the plea agreement, but incorrectly states that the waiver preserved claims of "ineffective assistance of counsel *as limited by* United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)." Government's Response To Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence And Motion For Enforcement Of Plea Agreement (Doc. #238) at 3 (emphasis added). The government ignores the final sentence of the waiver which states "[n]otwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct." Plea Agreement Pursuant To Fed. R. Crim. P. 11(c)(1)(C) ¶ 11, attached to Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #93) filed November 16, 2009. Accordingly, the Court overrules the government's request to enforce the waiver of collateral attacks.

of counsel was deficient and (2) a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988), cert. denied, 489 U.S. 1089 (1989). As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

## I. Failure To Argue That Defendant Qualified For The Safety Valve

Defendant argues that counsel was ineffective because at sentencing, he did not argue and convince the Court that defendant's proffer was "complete and truthful" for purposes of the safety valve and failed to ask the government to file a motion regarding the safety valve. Counsel's performance in this regard was not deficient or prejudicial because at sentencing, the parties agreed that defendant satisfied the requirements for the safety valve.[3] The Court also recognized that

---

[3] The government argues that "[f]irst and foremost, at no time did this defendant provide a proffer or cooperate in any manner, so as to qualify for the safety valve." Doc. #238 at 4. The government's statement is entirely misleading and inconsistent with its position at sentencing. A cursory review of the sentencing transcript reveals that at the time of sentencing, the parties agreed that defendant satisfied the requirements of the statutory safety valve. See Transcript Of Sentencing (Doc. #203) at 7. Government counsel conceded the point. See id. at 8 ("And so we
(continued...)

defendant had satisfied the requirements for the safety valve and that it had discretion to sentence defendant to a sentence below the statutory minimum. Even so, the Court decided that a statutory minimum sentence of 60 months in prison was appropriate based in part on the parties' Rule 11(c)(1)(C) plea agreement. Because the Court imposed a sentence consistent with the parties' Rule 11(c)(1)(C) plea agreement, the precise guideline calculation was immaterial. The plea agreement stated that the proposed sentence of 60 months, although within the guidelines, did not depend upon them: "The parties are of the belief that the proposed sentence does not offend the now advisory sentencing guidelines, but because this proposed sentence is sought pursuant to Fed. R. Crim. P. 11(c)(l)(C), the parties are not requesting imposition of an advisory guideline sentence." Plea Agreement Pursuant To Fed. R. Crim. P. 11(c)(1)(C) ¶ 4. Because the Court sentenced defendant consistent with the Rule 11(c)(1)(C) plea agreement, he cannot establish prejudice from counsel's failure to achieve a lower guideline calculation. The Court therefore overrules defendant's first claim for relief.

## II.     Failure To Argue For A Downward Departure

Defendant next argues that counsel was ineffective because at sentencing, he did not argue that defendant qualified for a downward departure based on age, poor health and disparity between the guideline range and his actual sentence. Defendant has not shown that counsel's performance was deficient. As explained above, to establish deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the

---

[3](...continued)
would acknowledge that based upon, kind of, the turn of events here, that the defendant has fulfilled his obligation for safety valve."); id. at 9 ("we're simply in a position to acknowledge the facts that have occurred, that the defendant has fulfilled his obligations for safety valve, and the Court certainly has discretion on what to do at this stage.").

-4-

defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Strickland, however, mandates that the Court be "highly deferential" in its review of counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. The Court must not second guess counsel's assistance with the benefit of hindsight simply because defendant did not prevail on his arguments in favor of a reduced sentence. See id.

Here, although counsel did not convince the Court to impose a sentence lower than the agreed sentence in the plea agreement, his strategy and conduct at sentencing were reasonable and competent. Indeed, counsel raised (at least to some extent) the issues of defendant's age, see Transcript Of Sentencing (Doc. #203) Doc. #203 at 10-14, 16, 19, and declining health, see id. at 11, 13-14, and he specifically asked the Court to impose a sentence in the Guidelines range in lieu of the agreed 60-month sentence, see id. at 5, 13. Even if the Court assumes that counsel's performance in presenting his arguments was somehow deficient, defendant has not shown a reasonable probability that if counsel had argued the issues differently, the result of the sentencing proceeding would have been different. The Court overrules defendant's second claim for relief.

## III.    Failure To Obtain Just Proceedings And Positive Outcome

Defendant argues that counsel was ineffective because at sentencing, he did not give defendant "just proceedings" and a "positive outcome" in light of his cooperation with the government. This claim essentially mirrors defendant's claims that counsel did not secure a sentence which reflected that he was safety valve eligible. Counsel's performance at sentencing was within the wide range of reasonable professional assistance. See Strickland, 466 U.S. at 689. Defendant apparently faults counsel for his failure to obtain a sentence of 48 months. As explained

above, at sentencing, counsel argued for a sentence below the statutory minimum in light of the fact that defendant was safety valve eligible and the various sentencing factors. The Court ultimately rejected counsel's arguments. Defendant has not shown that counsel's performance was deficient or prejudicial. The Court therefore overrules defendant's third claim.

**IV.     Validity Of Plea Agreement**

In his reply to the government's argument that his claims are barred by the waiver in the plea agreement, defendant attempts to claim that his plea was involuntary because defense counsel did not inform him that he would not receive any benefit from the safety valve and that the government specifically "assured" him that he would receive a sentence reduction under the safety valve and that his term of imprisonment would be 48 months. Defendant's Reply (Doc. #244) at 1. Defendant's claim is directly refuted by his statements at the plea colloquy and the plea agreement which provide that the parties sought a sentence of 60 months. The following excerpts from the transcript of the change of plea hearing show that the Court and the parties understood that unless the Court rejected the plea agreement, defendant would receive a sentence of 60 months with no reference to safety valve or a possible sentence of 48 months:

> THE COURT: Do you realize if I accept your guilty plea, I will sentence you to no less than five years in prison but possibly up to 40 years in prison?
>
> THE INTERPRETER: Yes.  * * *
>
> MS. MOREHEAD: Judge, this does -- this [offense] does carry a statutory mandatory minimum of five years, but aside from that, I'm not aware of any other issues that would enhance his sentence or subject him to anything other than a statutory mandatory minimum coupled with the guideline sentence.  * * *
>
> THE COURT: Did he tell you what kind of sentence he thinks you're looking at under the guidelines?
>
> THE INTERPRETER: Yes.

THE COURT: And what's your understanding about that?

THE INTERPRETER: It is the level that says five years.

MR. THOMASON: Your Honor, what I believe -- his base guideline offense level, I think, would be a level 26. I think he is referring to the type of plea that we've entered here in his 11(c)(1)(C) plea, which is a mandatory minimum of five years. Level 26 actually would be slightly below that, but because of the mandatory minimum, he would face the mandatory minimum sentence of 60 months.

THE COURT: Is that your understanding, sir?

THE INTERPRETER: Yes.  * * *

THE COURT: But until we're completely through the process, no one is in a position to tell you what kind of sentence you might actually be looking at under the guidelines?

THE INTERPRETER: Right, yeah. That's fine.  * * *

[MS. MOREHEAD:] The sentence proposed would be for a term of imprisonment of 60 months, which is the statutory mandatory minimum that would be provided for this offense. Mr. Thomason indicated, Judge, we believe the guidelines sentence would actually be below this, but this at least gives kind of a concrete base that that's the sentence that would be imposed.  * * *

THE COURT: Did you get a chance to read [the plea agreement] and discuss it with your lawyer before you signed it?

THE INTERPRETER: Yes, Your Honor.

THE COURT: And is the written document there, does it include all of your agreement with the government?

THE INTERPRETER: Yes, Your Honor.

THE COURT: So in other words, you don't have any side agreements or verbal promises that you are relying on?

THE INTERPRETER: No, Your Honor.  * * *

THE COURT: In the Plea Agreement you and the government are agreeing to a five year sentence?

THE INTERPRETER: Yes, Your Honor.

Transcript Of Change Of Plea Hearing (Doc. #202) at 7, 10-11, 15-17, 21, 24-25, 27. The above statements conclusively refute any potential claim that the plea agreement included a promise by government counsel to recommend a sentence of 48 months in prison.[4]

## Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief. Accordingly, no evidentiary hearing is required. See 28 U.S.C. § 2255; United States v. Kilpatrick, 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

## Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a

---

[4] Absent a believable reason justifying departure from the apparent truth of an accused's statements at a Rule 11 proceeding at which his plea is accepted, such statements are conclusively established. United States v. Glass, 66 Fed. Appx. 808, 810 (10th Cir. June 3, 2003); United States v. Jones, 124 F.3d 218, 1997 WL 580493, at *1 (10th Cir. Sept. 19, 1997); United States v. Bambulas, 571 F.2d 525, 526 (10th Cir. 1978).

constitutional right. 28 U.S.C. § 2253(c)(2).[5] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court denies a certificate of appealability.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #226) filed October 24, 2011 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's Motion To Request Evidentiary Hearing, Pursuant To 28 U.S.C. § 2255(b) And Rule 8(A) Of The Rules Governing § 2255 Proceedings A Person In Federal Custody (Doc. #229) filed October 28, 2011 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that the government's Motion For Enforcement Of Plea Agreement (Doc. #238) filed June 21, 2012 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** as to the Court's ruling on defendant's motion under 28 U.S.C. § 2255.

Dated this 13th day of September, 2012 at Kansas City, Kansas.

                                             s/ Kathryn H. Vratil
                                             KATHRYN H. VRATIL
                                             United States District Judge

---

[5] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).